**UNITED STATES COURT OF INTERNATIONAL TRADE**

**BEFORE: HONORABLE LEO M. GORDON, SENIOR JUDGE**

| | |
|---|---|
| STAR EV Corporation,<br>*Plaintiff,*<br><br>v.<br><br>UNITED STATES; U.S. CUSTOMS AND BORDER<br>PROTECTION; and ERIC CHOY, in his official capacity as Executive Director, Trade Remedy Law Enforcement Directorate, Office of Trade, U.S. Customs and Border Protection,<br><br>*Defendants.* | Case No. 1:26-cv-03645-LMG |

**PLAINTIFF'S REPLY IN OPPOSITION TO DEFENDANT-INTERVENOR AMERICAN PERSONAL TRANSPORTATION VEHICLE MANUFACTURERS COALITION'S RESPONSE AND REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

Christian Dysart
MAYNARD NEXSEN PC
4141 Parklake Avenue, Suite 200
Raleigh, NC 27612
919.755.1800
cdysart@maynardnexsen.com

Dated: September 25, 2026

Court No. 26-03645

**Table of Contents**

**INTRODUCTION** .......... 1

**ARGUMENT** .......... 2

**I. Seeking a Scope Ruling has No Bearing on STAR EV's Due Process Claims and Does Not Affect STAR EV's Jurisdictional Arguments** .......... 2

**II. STAR EV Will Likely Suffer Irreparable Harm Absent Injunctive Relief.** .......... 3

**CONCLUSION** .......... 5

## Table of Authorities

Page(s)

**Cases**

*Axon Enter., Inc. v. FTC*,
598 U.S. 175 (2023) .......... 3

*Fish v. Kobach*,
840 F.3d 710 (10th Cir. 2016) .......... 3, 4, 5

*Hylsa v. United States*,
22 C.I.T. 44 (1998) .......... 3

*Int'l Custom Prods., Inc. v. United States*,
30 C.I.T. 21 (2006) .......... 5

*NEC Corp. v. United States*,
151 F.3d 1361 (Fed. Cir. 1998) .......... 3

*Playboy Enters. v. Chuckleberry Publ'g*,
486 F.Supp. 414 (S.D.N.Y.1980) .......... 4

*Rimco Inc. v. United States*,
98 F.4th 1046 (Fed. Cir. 2024) .......... 3

*RoDra Drilling Co. v. Siegal*,
552 F.3d 1203 (10th Cir. 2009) .......... 3

*Sunpreme Inc. v. United States*,
892 F.3d 1186 (Fed. Cir. 2018) .......... 2

*Tom Doherty Assocs., Inc. v. Saban Ent., Inc.*,
60 F.3d 27 (2nd Cir. 1995) .......... 4

**Statutes**

28 U.S.C. § 1581(c) .......... 2, 3

28 U.S.C. § 1581(i) .......... 3

**UNITED STATES COURT OF INTERNATIONAL TRADE**

**BEFORE: HONORABLE LEO M. GORDON, SENIOR JUDGE**

| | |
|---|---|
| STAR EV Corporation,<br>*Plaintiff,*<br><br>v.<br><br>UNITED STATES; U.S. CUSTOMS AND BORDER PROTECTION; and ERIC CHOY, in his official capacity as Executive Director, Trade Remedy Law Enforcement Directorate, Office of Trade, U.S. Customs and Border Protection,<br><br>*Defendants.* | Case No. 26-3645 |

**PLAINTIFF'S REPLY IN OPPOSITION TO DEFENDANT-INTERVENOR AMERICAN PERSONAL TRANSPORTATION VEHICLE MANUFACTURERS COALITION'S RESPONSE AND REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

## INTRODUCTION

STAR EV's contemporaneously filed brief in response to Defendants' Motion to Dismiss and Opposition to Motion for A Temporary Restraining Order and Preliminary Injunction explains, persuasively and comprehensively, why: (1) this Court has jurisdiction; and (2) this Court should grant STAR EV's Motion and enjoin the interim measures. Each of STAR EV's arguments apply fully to the arguments raised within the Coalition's briefing, ECF 37 ("C-Resp."). In the interest of judicial economy, STAR EV incorporates by reference the arguments raised within its contemporaneously filed Response Brief. STAR EV files this Reply Brief solely to address the minor differences in the Coalition's arguments. Accordingly, STAR EV respectfully suggests that before the Court reviews this Reply Brief, the Court review STAR EV's brief in response to

Defendants' Motion to Dismiss and Opposition to Motion for a Temporary Restraining Order and Preliminary Injunction first.

## ARGUMENT

Although the Coalition raises many of the same arguments that Defendants raised in their Motion to Dismiss and Opposition to Motion for A Temporary Restraining Order and Preliminary Injunction, ECF 38 ("D-Resp."), the Coalition asks this Court to refrain from enjoining the interim measures because STAR EV allegedly failed to act in two different ways. First, the Coalition alleges that if only STAR EV had utilized "other avenues available to obtain Commerce's interpretation of the Orders," then STAR EV would not be here today "challeng[ing] CBP's interlocutory conclusions" in its investigation. C-Resp. at 18, 22. Second, the Coalition alleges that STAR EV has not established irreparable harm because it waited several months after the interim measures were imposed to file its Motion. C-Resp. at 32-35. But for the reasons stated below, these arguments do not change STAR EV's comprehensive arguments (as laid out in its contemporaneously filed Response Brief). Accordingly, this Court should grant STAR EV's Motion, ECF 11 ("Mot."), and enjoin the interim measures.

### I. Seeking a Scope Ruling has No Bearing on STAR EV's Due Process Claims and Does Not Affect STAR EV's Jurisdictional Arguments

The Coalition claims that STAR EV cannot succeed on the merits because the "Court lacks jurisdiction over its claims." C-Resp. at 17-23. Like Defendants argue in their brief, the Coalition alleges that review under 28 U.S.C. § 1581(c) is not "manifestly inadequate," and accordingly this Court does not have jurisdiction. In support of this argument, the Coalition raises that STAR EV had another proper avenue of recourse—"appealing Commerce's final determination regarding the scope." C-Resp. at 18. But as the Coalition points out, such a scope-ruling inquiry is the "proper remedy" when an importer "dispute[s] Customs' application of an antidumping or countervailing

order." *Id.* at 19 (citing *Sunpreme Inc. v. United States*, 892 F.3d 1186, 1192-93 (Fed. Cir. 2018)). Despite how the Intervenor-Coalition attempts to frame this for the Court, the "true nature of this action" is not "a scope dispute." *Cf.* C-Resp. at 19. Rather, this action is about the complete lack of a thorough investigation, notice, and opportunity to be heard *prior* to the imposition of interim measures. Obtaining a scope ruling has no bearing on STAR EV's due-process claims, which are the same regardless of any whether CBP reaches a negative evasion determination. *See Axon Enter., Inc. v. FTC*, 598 U.S. 175, 191–92 (2023); *cf. Rimco Inc. v. United States*, 98 F.4th 1046, 1054–55 (Fed. Cir. 2024) (Section 1581(c) jurisdiction not manifestly inadequate where importer challenged as unconstitutional under the Eighth Amendment an allegedly exorbitant AD/CVD duty rate—a claim dependent on the outcome of a Commerce proceeding).

STAR EV "is attempting to adjudicate an issue that goes to the very heart of the administrative system"—here, an administrative process that fails to provide predeprivation notice and opportunity to be heard—and "the only adequate avenue available" is § 1581(i). *NEC Corp. v. United States*, 151 F.3d 1361, 1369 (Fed. Cir. 1998); *accord Hylsa v. United States*, 22 C.I.T. 44, 48 (1998). STAR EV's due-process claims, at the very least, thus fall squarely within § 1581(i)'s grant of jurisdiction to this Court.

## II. STAR EV Will Likely Suffer Irreparable Harm Absent Injunctive Relief.

The Coalition argues that because STAR EV "remained in operation and continued participating in the EAPA investigation" for the months following the imposition of interim measures, STAR EV cannot now claim that injury is immediate. C-Resp. at 33-34. However, Courts have routinely held that "there is no categorical rule that delay bars the issuance of an injunction." *Fish v. Kobach*, 840 F.3d 710, 753 (10th Cir. 2016) (citing *RoDra Drilling Co. v. Siegal*, 552 F.3d 1203, 1210-12 (10th Cir. 2009) ("We note that the Supreme Court has rejected

the application of categorical rules in injunction cases.... [D]elay is but one factor in the irreparable harm analysis....")). Rather, the question is "whether the delay was reasonable, was not a decision by the party to 'sit on its rights,' and did not prejudice the opposing party." *Fish*, 840 F.3d at 753.

Here, STAR EV's delay was reasonable. Since sending its initial letter to CBP on May 26, 2026, STAR EV has committed to working with CBP to demonstrate compliance. *See* Mot. at 14. Neither the Defendants nor the Coalition argue otherwise. STAR EV's active participation directly contradicts any notion that it "[sat] on its rights." *Fish*, 840 F.3d at 753. To the contrary, STAR EV's active participation evidences that it has availed itself of all the rights it has been afforded to date. Yet the fact of the matter is that the lack of notice and an opportunity to be heard initiated a snowball effect of exponentially increasing harm. Because CBP failed to conduct a thorough investigation and did not provide STAR EV with notice and an opportunity to be heard, the sanction like interim measures imposed immediate financial harm. STAR EV's merchandise remained in a bonded warehouse, and it has been unable to import any additional merchandise to mitigate the financial impact that the lack of due process caused. *See* Mot. at 16. STAR EV further attempted to mitigate this harm by cannibalizing its existing inventory, all in hopes of staying afloat until CBP's completion of its investigation.

STAR EV did not file its Motion upon the imposition of interim measures because it did not know that the effect of the due process violations would at some point become critical. *See Tom Doherty Assocs., Inc. v. Saban Ent., Inc.*, 60 F.3d 27, 39-40 (2nd Cir. 1995) (holding a "delay in filing suit will not rebut the presumption of irreparable harm if the plaintiff does not know how severe the infringement is"). Although CBP's lack of notice and opportunity to be heard may have initially caused STAR EV severe financial strain, as the months passed by with no viable way to remedy or mitigate, this strain shifted into to an immediate and practical need. *See Playboy Enters.*

*v. Chuckleberry Publ'g,* 486 F.Supp. 414, 434–35 (S.D.N.Y.1980) (noting that, in the context of injunctive relief, "parties should not be encouraged to sue before a practical need to do so has been clearly demonstrated"). STAR EV understood that establishing irreparable harm is an "extremely heavy burden" and it properly waited to involve this Court until the issue became ripe. *Int'l Custom Prods., Inc. v. United States*, 30 C.I.T. 21, 27 (2006).

Further, the length of delay does not "undercut[ ] a finding of irreparable harm" if the delay does not prejudice the opposing party. *Fish*, 840 F.3d at 753 (holding that a 30-month delay did not negate irreparable harm where the opposing party "fail[ed] to show how that delay prejudiced him"). Here, the opposing party (the government), does not argue that it was disadvantaged because of the delay because it was not prejudiced.

STAR EV's Motion and supporting declarations and data make clear that STAR EV will likely suffer irreparable harm absent injunctive relief. A reasonable and necessary delay alone simply does not undercut that finding. Accordingly, this Court should grant STAR EV's temporary restraining order and enjoin the interim measures to prevent this irreparable harm.

## **CONCLUSION**

For these reasons, the Court should grant STAR EV's motion for a temporary restraining order and preliminary injunction, and enjoin the interim measures during the EAPA proceeding.

Dated: September 25, 2026

Respectfully submitted,

*<u>/s/ Christian Dysart</u>*
Christian Dysart
*cdysart@maynardnexsen.com*
MAYNARD NEXSEN PC
4141 Parklake Avenue, Suite 200
Raleigh, NC 27612
P: 919.755.1800
*Counsel for STAR EV Corporation*

Court No. 26-03645

**CERTIFICATE OF COMPLIANCE**

I certify that the foregoing submission complies with the word-limitation set forth in Standard Chambers Procedure 2(B)(1) and contains 1,357 words.

Dated: September 25, 2026

*/s/ Christian Dysart*
Christian Dysart
*cdysart@maynardnexsen.com*
MAYNARD NEXSEN PC
4141 Parklake Avenue, Suite 200
Raleigh, NC 27612
P: 919.755.1800
*Counsel for STAR EV Corporation*