UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE LEO M. GORDON, SENIOR JUDGE

STAR EV CORPORATION,

Plaintiff,

v.

UNITED STATES; U.S. CUSTOMS AND BORDER PROTECTION; and ERIC CHOY, in his official capacity as Executive Director, Trade Remedy Law Enforcement Directorate, Office of Trade, U.S. Customs and Border Protection,

Defendants,

and

AMERICAN PERSONAL TRANSPORTATION VEHICLE MANUFACTURERS COALITION,

Defendant-Intervenor.

CONFIDENTIAL VERSION

No. 26-3645

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS**

OF COUNSEL

NICOLAS A. MORALES
Attorney
Office of Chief Counsel
U.S. Customs and Border Protection
1300 Pennsylvania Avenue, NW
Washington, D.C. 20229

October 1, 2026

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA M. McCARTHY
Director

JUSTIN R. MILLER
Attorney-In-Charge
International Trade Field Office

MARGARET J. JANTZEN
Senior Trial Counsel
Department of Justice, Civil Division
Commercial Litigation Branch
*Attorneys for Defendants*

**TABLE OF CONTENTS**

I. Plaintiff Cannot Demonstrate Jurisdiction Pursuant to 28 U.S.C. § 1581(i)………………1

II. Even If The Court Could Have Section 1581(i) Jurisdiction, Plaintiff's Case Still Would Not be Ripe................................................................**Error! Bookmark not defined.**6

CONCLUSION ……………………………………………………………………………………..7

# TABLE OF AUTHORITIES

## Cases

*All One God Faith, Inc. v. United States*,
589 F. Supp. 3d 1238 (Ct. Int'l Trade 2022), aff'd, 129 F.4th 1350 (Fed. Cir. 2025) ............ 3

*Am. Pac. Plywood, Inc. v. United States*,
No. 20-03914, 2023 WL 4288346 (Ct. Int'l Trade June 22, 2023) ........................................ 8

*ARP Materials, Inc. v. United States*,
47 F.4th 1370 (Fed. Cir. 2022) ........................................................................................ 1-2

*Aspects Furniture Int'l, Inc. v. United States*,
607 F. Supp. 3d 1246 (Ct. Int'l Trade 2022) ............................................................... 8

*Axon Enter.*, Inc. *v. FTC*,
598 U.S. 175 (2023) ........................................................................................................ 6, 7

*Chemsol, LLC v. United States*,
755 F.3d 1345 (Fed. Cir. 2014) ......................................................................................... 2

*Diamond Tools Technology LLC v. United States*,
545 F. Supp. 3d 1324 (Ct. Int'l Trade 2021) ............................................................. 8, 9

*Nat'l Park Hospitality Ass'n v. U.S. Dep't of Interior*,
538 U.S. 803, (2003) ........................................................................................................ 9

*Phoenix Metal Co. v. United States*,
No. 23-00048, 2024 WL 2891503 (Ct. Int'l Trade June 10, 2024), appeal dismissed, No. 2024-2222, 2024 WL 4534014 (Fed. Cir. Oct. 21, 2024) ...................................................... 8

*Sunpreme Inc. v. United States*,
892 F.3d 1186 (Fed. Cir. 2018) ......................................................................................... 2

*Thunder Basin Coal Co., v. Reich,*
510 U.S. 200 (1994).............................................................................................................4

*Vietnam Finewood Co. Ltd v. United States*,
466 F. Supp. 3d 1273 (Ct. Int'l Trade 2020) ................................................................. 2

## Statutes

19 U.S.C. § 1517 ................................................................................................... 2, 3, 8

28 U.S.C. § 1581 ............................................................................................. 1, 2, 3, 8, 9

UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE LEO M. GORDON, SENIOR JUDGE

| | |
|---|---|
| STAR EV CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES; U.S. CUSTOMS AND BORDER PROTECTION; and ERIC CHOY, in his official capacity as Executive Director, Trade Remedy Law Enforcement Directorate, Office of Trade, U.S. Customs and Border Protection,<br><br>Defendants,<br><br>and<br><br>AMERICAN PERSONAL TRANSPORTATION VEHICLE MANUFACTURERS COALITION,<br><br>Defendant-Intervenor. | No. 26-3645 |

**<u>DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS</u>**

## I. Plaintiff Cannot Demonstrate Jurisdiction Pursuant to 28 U.S.C. § 1581(i)

As explained in Defendant's Motion to Dismiss and Opposition to Plaintiffs' Motions for a Temporary Restraining Order and Preliminary Injunction, the scope of jurisdiction under 28 U.S.C. § 1581(i) is "strictly limited." *ARP Materials, Inc. v. United States*, 47 F.4th 1370, 1377 (Fed. Cir. 2022). Section 1581(i) may not be invoked when "jurisdiction under another subsection of § 1581 *is or could have been available*, unless the remedy provided under that

other subsection would be manifestly inadequate." *Id.*; *see also Sunpreme Inc. v. United States*, 892 F.3d 1186, 1191 (Fed. Cir. 2018).

For this proceeding, the Enforce and Protect Act (EAPA) specifically provides subject-matter jurisdiction pursuant to 28 U.S.C. § 1581(c) over "any civil action commenced under . . . section 517 of the Tariff Act of 1930 [codified at 19 U.S.C. § 1517]." Section 1517, in turn, provides for judicial review of a determination of "whether covered merchandise was entered into the customs territory of the United States through evasion." 19 U.S.C. § 1517(g)(1). A section 1581(c) challenge may include whether CBP "fully complied with all procedures under subsections (c) and (f)" and whether CBP's "determination, finding, or conclusion is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 19 U.S.C. §§ 1517(g)(2)(A) and (B).

Here, plaintiff purports to invoke subsection 1581(i) jurisdiction to challenge the imposition of interim measures in an EAPA investigation. Compl. ¶ 11. The Federal Circuit and this Court have previously rejected similar actions, holding that when "relief is prospectively and realistically available under another subsection of 1581," a plaintiff cannot invoke jurisdiction under subsection 1581(i). *Chemsol, LLC v. United States,* 755 F.3d 1345, 1354 (Fed. Cir. 2014); *accord Vietnam Finewood Co. Ltd v. United States*, 466 F. Supp. 3d 1273 (Ct. Int'l Trade 2020).[1] The Court's review of CBP's "determination as to evasion may encompass interim

[1] Plaintiff attempts to distinguish this case from *Vietnam Finewood*, arguing that it involved only a challenge to CBP's alleged failure to complete its EAPA investigation within the statutory period. Pl. Opp. at 3, n1. But, as explained in our opening brief, the plaintiffs in the case *also* challenged "Customs' imposition of interim measures" against the subject importers, which included "cash deposits in excess of 200% ad valorem" and "'live entry' requirements on all future imports from the subject importers." Mot. to Dismiss at 11 (citing *Vietnam Finewood Co. Ltd v. United States*, 466 F. Supp. 3d 1273, 1279-80 (Ct. Int'l Trade 2020)). The Court in *Vietnam Finewood* held that the importers "will be able to avail themselves of jurisdiction pursuant to 28 U.S.C. § 1581(c) in order to challenge Customs' final determination and administrative appeal, as well as any procedural decisions merged into the same, and the remedy

decisions subsumed into the final determination." *All One God Faith, Inc. v. United States*, 589 F. Supp. 3d 1238, 1246–47 (Ct. Int'l Trade 2022), *aff'd*, 129 F.4th 1350 (Fed. Cir. 2025) (citing *Diamond Tools Technology LLC v. United States*, 545 F. Supp. 3d 1324, 1341 (Ct. Int'l Trade 2021)). Thus, together, 19 U.S.C. § 1517 and 28 U.S.C. § 1581(c) contemplate that all interim decisions leading up to the final determination in the EAPA investigation are subsumed into the final determination and are subject to judicial review when the final determination is reviewed.

Plaintiff points to 19 U.S.C. § 1517(g)(3) as support for its invocation of the Court's jurisdiction under § 1581(i). Pl. Opp. 2. This provision, plaintiff argues, "presumes that judicial review of CBP's actions in EAPA proceedings will be available under other provisions of law." *Id.* at 2-3. Not so. Section 1517(g)(3) is merely a "Rule of construction." *Id.* The provision only ensures that nothing about the specific judicial review identified in (g)(1) or (2) "*shall affect*" the availability of judicial review elsewhere. § 1517(g)(3). In other words, whether judicial review of CBP's actions is available under other provisions of law *will not be altered* by the judicial review that is specifically enumerated in § 1517(g).

STAR EV argues that "manifest inadequacy" is akin to other doctrines, like exhaustion, for which futility is a consideration. Pl. Opp. 5-6. In this regard, plaintiff argues that § 1581(i) jurisdiction is available to an importer "being subjected to an unconstitutionally structured administrative process that would otherwise have to be exhausted to obtain judicial review." Pl.

---

provided under that subsection is not manifestly inadequate." *Id.* at 1284. This Court cited *Chemsol*, 755 F.3d at 1353-54, for the proposition that "[t]he court's review of Customs' determination as to evasion may encompass interim decisions subsumed into the final determination." Even if *Vietnam Finewood* also addressed the questions of whether CBP had failed to complete its EAPA investigation within the statutory period and whether CBP's referral of the matter to the Department of Commerce for a scope determination was deficient, the Court still held that all interim (temporary) decisions subsumed into the final determination and are subject to cancellation or adjustment in the final determination (see Section II below on ripeness).

Opp. 5-6 citing *Thunder Basin Coal Co., v. Reich,* 510 U.S. 200 (1994) and *Axon Enter., Inc. v. FTC,* 598 U.S. 175 (2023). The statutory schemes described in *Thunder Basin* and *Axon* – to which STAR EV likens EAPA proceedings and this Court's review of them – stand on very different footing from the Court's exercise of jurisdiction under § 1581(i). In those cases, the statutory schemes reflect unique arrangements of judicial review where "a special statutory review scheme" precludes district courts from exercising jurisdiction over challenges to Federal agency action. *Axon Enter.,* 598 U.S. at 185. The Supreme Court explains that, in these circumstances, "[t]he agency effectively fills in for the district court, with the court of appeals providing judicial review." *Id*. But the Supreme Court has held that "a statutory review scheme of that kind does not necessarily extend to every claim concerning agency action," and goes on to analyze the type of claims to which the statutory review should not apply. *Id.* It is to this analysis that STAR EV analogizes EAPA and its due process claim. The analogy is misplaced.

First, the "statutory scheme" at issue here is EAPA – an enforcement statute that empowers Customs to investigate and make a determination of evasion through an administrative proceeding. Nothing in the statute contemplates that a party would bring a claim challenging the agency's determination, or any aspect of those proceedings, as part of an administrative, agency-level review. Rather, all review of an EAPA determination is conducted by this Court under 28 U.S.C § 1581(c), as outlined in § 1517(g), with appellate review at the Federal Circuit. There is no displacement of a Federal trial court in reviewing CBP's actions under EAPA. *See Axon Enter.,* 598 U.S. at 185-86. Accordingly, the concerns that arise from precluding a component of Federal court jurisdiction are not at play.

If we nonetheless continue the analogy, there is a distinction between the *types* of claims that parties bring as part of these "special statutory review scheme[s]" which would inform

whether Congress, in fact, intended to limit jurisdiction in the manner created by the statutory review scheme, or if review in district court is permissible. *Id.* at 185. In *Axon,* the Supreme Court distinguished between challenges to the power of the agency to proceed at all, and actions taken as part of the agency proceedings. *Id.* at 192. Another consideration is whether the claim relates to the subject of the enforcement action at all or instead addresses the sorts of procedural or evidentiary matters often encountered by an agency "on its way to a merits decision." *Id.* Claims that challenge the power of the agency to act and have nothing to do with the subject of the enforcement action are considered "collateral" and maybe outside the scope of what Congress intended the particular statutory scheme to include. *Id.* at 192-93. In these cases, judicial review by the district court should not be precluded. *Id.* at 196 ("The claims are not 'of the type' the statutory review schemes reach [ ]. A district court can therefore review them.") *STAR EV* attempts to situate its due process claim within such a class of claims – arguing that the very nature of its claim requires immediate review by this Court under § 1581(i). *See* Pl. Opp. 5, 6.

Plaintiff's due process claim is not of the type contemplated by the Supreme Court in *Axon.* First, a due process claim arising from the imposition of interim measures relates very much to the EAPA enforcement proceedings, as they are mandated by the statute. Imposing interim measures is a procedural matter undertaken at a preliminary stage in the investigation, along the way to reaching a final determination on evasion. STAR EV characterizes its claim as an attempt to adjudicate "an administrative process that fails to provide predeprivation notice and opportunity to be heard." Pl. Opp. 6; 7 (characterizing its claim as "about subjection to an illegitimate proceeding."). Basic facts belie STAR EV's characterization of its due process claim.

STAR EV does not claim that CBP lacks the authority to issue interim measures, to enforce the statute, or to make a finding of evasion. Rather, plaintiff simply argues that it should be given notice and an opportunity to be heard before CBP imposes interim measures. This is fundamentally an issue of procedure – albeit, a constitutionally driven procedure. The Court is empowered to review that issue upon a final determination of evasion. *See* 19 U.S.C. § 1517(g) (providing for review of whether "any determination, finding, or conclusion is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law"); 28 U.S.C. § 1581(c).

Finally, plaintiff fails to address the numerous other authorities in which the Court summarily rejected importers' challenges to the imposition of interim measures in the context of CBP's final determinations of evasion. Mot. to Dismiss at 11(citing *Phoenix Metal Co. v. United States*, No. 23-00048, 2024 WL 2891503, at *8 (Ct. Int'l Trade June 10, 2024), *appeal dismissed*, No. 2024-2222, 2024 WL 4534014 (Fed. Cir. Oct. 21, 2024); *Am. Pac. Plywood, Inc. v. United States*, No. 20-03914, 2023 WL 4288346, at *7-8 (Ct. Int'l Trade June 22, 2023); *Aspects Furniture Int'l, Inc. v. United States*, 607 F. Supp. 3d 1246, 1273 (Ct. Int'l Trade 2022); *Diamond Tools Technology LLC v. United States*, 545 F. Supp. 3d 1324, 1341 (Ct. Int'l Trade 2021)).

## II. Even If the Court Could Have Section 1581(i) Jurisdiction, Plaintiff's Case Still Would Not Be Ripe for Review

As we explained in our motion to dismiss, ripeness "is a justiciability doctrine designed 'to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties.'" *Nat'l Park Hospitality Ass'n v. U.S. Dep't of Interior*,

538 U.S. 803, 807–08, (2003) (quoting *Abbott Labs. v. Gardner*, 387 U.S. 136, 148–149 (1967)). The ripeness inquiry evaluates "(1) the fitness of the issues for judicial decision and (2) the hardship to the parties of withholding court consideration." *Nat'l Park Hospitality*, 538 U.S. at 807 (citing *Abbott Labs*., 387 U.S. at 148).

As the "moniker" suggests, "interim measures are temporary." *Diamond Tools Technology*, 545 F. Supp. 3d at 1341. In the case before the Court, CBP has yet to complete its EAPA investigation. As explained above, after CBP issues its final determination, to the extent the agency finds that plaintiff has evaded the AD/CVD duties, plaintiff will be able to assert its claims in this Court by commencing an action using the prescribed jurisdictional pathway under 28 U.S.C. § 1581(c).

STAR EV contends that CBP's decision is final because interim measures have "immediate legal consequences" that will "extinguish" the company. Pl. Opp. 4. This argument lacks legal authority and erroneously presumes the existence of a cause of action under the Administrative Procedure Act by way of section 1581(i). But an action under EAPA is explicitly subject to review under 28 U.S.C. § 1581(c). As in other section 1581(c) cases, the validity of the determination that lead to the imposition of interim measures, and plaintiff's corresponding liability for cash deposits are subject to adjustment or reversal in the final determination.

**CONCLUSION**

For these reasons, defendants respectfully request that the Court grant the motion to dismiss for lack of subject matter jurisdiction.

Respectfully submitted,

OF COUNSEL

BRETT A. SHUMATE
Assistant Attorney General

NICOLAS A. MORALES
Attorney
Office of Chief Counsel
U.S. Customs and Border Protection
1300 Pennsylvania Avenue, NW
Washington, D.C. 20229

October 1, 2026

PATRICIA M. McCARTHY
Director

JUSTIN R. MILLER
Attorney-In-Charge
International Trade Field Office

By: /s/ Margaret J. Jantzen
MARGARET J. JANTZEN
Senior Trial Counsel
Department of Justice, Civil Division
Commercial Litigation Branch
(202) 353-7994

*Attorneys for Defendants*

**CERTIFICATE OF COMPLIANCE**

I certify that the foregoing submission complies with the word-limitation set forth in the Standard Chambers Procedure 2(B)(1), and contains 2389 words.

Dated: October 1, 2026

/s/ Margaret J. Jantzen
Margaret J. Jantzen