**Ct. Nos. 26-02759-3JP, 26-03809-3JP,**
**26-03645-3JP, 26-04642-3JP**

**UNITED STATES COURT OF INTERNATIONAL TRADE**

ICON EV LLC,

*Plaintiff,*

v.

UNITED STATES, *et al.*,

*Defendants,*

AMERICAN PERSONAL TRANSPORTATION VEHICLE MANUFACTURERS COALITION,

*Defendant-Intervenor.*

Before: Jane A. Restani, Timothy C. Stanceu, and Leo M. Gordon, Judges

Court No. 26-02759-3JP

---

VEXAS CORP., *et al.*,

*Plaintiffs,*

v.

UNITED STATES, *et al.*,

*Defendants,*

AMERICAN PERSONAL TRANSPORTATION VEHICLE MANUFACTURERS COALITION,

*Defendant-Intervenor.*

Before: Jane A. Restani, Timothy C. Stanceu, and Leo M. Gordon, Judges

Consol. Court No. 26-03809-3JP

---

STAR EV CORP.,

*Plaintiff,*

v.

UNITED STATES, *et al.*,

*Defendants,*

AMERICAN PERSONAL TRANSPORTATION VEHICLE MANUFACTURERS COALITION,

*Defendant-Intervenor.*

Before: Jane A. Restani, Timothy C. Stanceu, and Leo M. Gordon, Judges

Court No. 26-03645-3JP

**Ct. Nos. 26-02759-3JP, 26-03809-3JP, 26-03645-3JP, 26-04642-3JP**

NIVEL PARTS AND MANUFACTURING CO., LLC,

*Plaintiff,*

v.

UNITED STATES, et al.,

*Defendants,*

AMERICAN PERSONAL TRANSPORTATION VEHICLE MANUFACTURERS COALITION,

*Defendant-Intervenor.*

Before: Jane A. Restani, Timothy C. Stanceu, and Leo M. Gordon, Judges

Court No. 26-04642-3JP

**DEFENDANT-INTERVENOR AMERICAN PERSONAL TRANSPORTATION VEHICLE MANUFACTURERS COALITION'S MOTION TO STAY**

Defendant-Intervenor American Personal Transportation Vehicle Manufacturers Coalition ("Coalition"), by and through its undersigned counsel, respectfully moves this Court to stay further proceedings on Plaintiffs' constitutional challenges to the Enforce and Protect Act ("EAPA"), 19 U.S.C. § 1517, until the Court rules on the Coalition's renewed motion to intervene fully and, if that motion is denied, until the Federal Circuit resolves the Coalition's pending intervention appeal. The grounds for this motion are set forth below:

## INTRODUCTION

These cases are no longer ordinary challenges to discrete agency action. Plaintiffs seek to invalidate, on constitutional grounds, critical provisions of EAPA, a statute Congress enacted to protect domestic industries against the evasion of antidumping and countervailing duty orders. Recognizing the significance of the issues presented, the Court has convened a three-judge panel pursuant to 28 U.S.C. § 255. That extraordinary step confirms what is now at stake: the Court is

preparing to decide constitutional questions concerning the validity and operation of EAPA that may have consequences well beyond these individual cases.

The Coalition has a unique and direct interest in that adjudication. Its members are domestic manufacturers that petitioned for and obtained the underlying antidumping and countervailing duty orders after establishing material injury from unfairly traded imports. The Coalition then invoked EAPA after developing evidence that importers were evading those orders. EAPA expressly gives domestic interested parties such as the Coalition the ability to initiate the administrative process that Plaintiffs now contend is unconstitutional. Indeed, CBP generally cannot initiate an EAPA investigation on its own; the statutory process depends on an allegation from an interested party or a referral from another federal agency. *See* 19 U.S.C. § 1517(b)(1)–(3); 19 C.F.R. §§ 165.11, 165.14.

Yet the Coalition currently is not permitted to participate fully in defending the constitutional provisions Plaintiffs seek to invalidate. The Coalition has appealed the Court's intervention ruling and has renewed its request for full intervention based on materially changed circumstances. Notice of Appeal, Ct. No. 26-2759, ECF No. 42 (Apr. 28, 2026); Notice of Appeal, Ct. No. 26-3809, ECF No. 75 (Oct. 29, 2026); Notice of Appeal, Ct. No. 26-3645, ECF No. 56 (Oct. 29, 2026) (collectively, "Appeals"). If these cases proceed to decision before that issue is resolved, the Coalition may lose any meaningful opportunity to defend a statute enacted to protect parties in precisely its position. If the three-judge panel invalidates EAPA while the Coalition remains excluded from the constitutional claims, a later victory on intervention would provide no practical substitute for participation before that decision was made. At best, the Coalition would be forced to obtain reversal of the intervention ruling, seek remand, and ask the panel to revisit constitutional questions it had already decided.

That result is neither necessary nor efficient. The Court has broad authority to control its docket and stay proceedings when doing so protects the parties, conserves judicial resources, and avoids potentially unnecessary or duplicative litigation. Those considerations strongly favor a limited stay here. The Coalition therefore respectfully requests that the Court stay further proceedings on Plaintiffs' constitutional claims. The Coalition envisions the stay lasting only as long as necessary: it would end if the Court grants the Coalition's renewed motion to intervene or, if the Court denies that motion, would continue only until the Federal Circuit resolves the Coalition's intervention appeal.

## BACKGROUND

### A. The Coalition Obtained Trade Relief and Initiated the EAPA Proceedings at Issue.

The Coalition represents U.S. manufacturers of low-speed personal transportation vehicles ("LSPTVs"). In response to a surge of unfairly traded LSPTV imports from China, the Coalition petitioned the U.S. Department of Commerce ("Commerce") and the U.S. International Trade Commission ("Commission") for relief under the antidumping and countervailing duty laws. Following lengthy investigations, Commerce issued antidumping and countervailing duty orders covering LSPTVs from China. *See Certain Low-Speed Personal Transportation Vehicles from the People's Republic of China*, 90 Fed. Reg. 38,759 (Dep't Commerce Aug. 12, 2025) (amended final antidumping duty order; amended final deter. of countervailing duty investigation and countervailing duty order).

After those orders were imposed, the Coalition developed evidence indicating that subject merchandise continued to enter the United States without payment of the required duties. The Coalition therefore invoked EAPA and submitted allegations of evasion to U.S. Customs and

Border Protection ("CBP") against all of the Plaintiffs. CBP investigated those allegations and imposed interim measures after finding reasonable suspicion of evasion.

Congress designed EAPA to give domestic interested parties a means of addressing precisely this type of conduct. The statute permits an "interested party," including domestic manufacturers and their trade associations, to file an allegation of evasion supported by reasonably available information. 19 U.S.C. § 1517(a)(6), (b)(2). CBP must then initiate an investigation if the allegation reasonably suggests that covered merchandise entered the United States through evasion. *Id.* § 1517(b)(1). CBP itself is not an "interested party" authorized to file such an allegation. EAPA thus depends in substantial part on participation by domestic industries such as the Coalition to identify and bring suspected evasion to the Government's attention.

**B. Plaintiffs' Actions Have Evolved into a Constitutional Challenge to EAPA.**

Rather than complete the administrative procedures prescribed by EAPA before seeking judicial review, Plaintiffs filed these actions challenging CBP's interim measures. Although the cases initially arose in connection with emergency requests for relief from interim measures, their posture has materially changed.

The requests for emergency relief have now largely been resolved or withdrawn, and these cases are proceeding toward adjudication of Plaintiffs' underlying claims. Those claims include constitutional challenges to EAPA's procedures and statutory reasonable-suspicion standard. What began as expedited litigation concerning interim relief has therefore developed into litigation concerning whether central features of the EAPA statutory scheme itself may constitutionally operate.

The Court recognized the exceptional significance of those issues when it transferred these matters for coordinated proceedings before a three-judge panel consisting of Judges Jane A. Restani, Timothy C. Stanceu, and Leo M. Gordon. *See* 28 U.S.C. § 255. Section 255 reserves

three-judge panels for actions that raise an issue concerning "the constitutionality of an Act of Congress" or have "broad or significant implications in the administration or interpretation of the customs laws." *Id.* § 255(a).

The significance of that designation should not be understated. Congress intended three-judge panels for "exceptional cases" presenting landmark or otherwise important issues warranting broader judicial consideration. *Fundicao Tupy S.A. v. United States*, 11 CIT 23, 26–27, 652 F. Supp. 1538, 1541–42 (1987). Such panels provide "a fuller judicial consideration of the case," facilitate institutional consensus, and promote uniformity in the interpretation of the international trade laws. *Fundicao Tupy S.A.*, 652 F. Supp. at 1542 (quoting *National Corn Growers Ass'n v. Baker*, 10 CIT 517, 520–22, 643 F. Supp. 626, 630–31 (1986)). Their decisions are therefore likely to carry particular institutional and precedential significance.

**C. The Coalition Is Appealing the Order That Prevents It from Fully Participating in Those Constitutional Proceedings.**

The Coalition moved to intervene shortly after these cases were filed. The Court permitted the Coalition to participate to a limited extent but denied it intervention with respect to Plaintiffs' constitutional claims.

The Coalition believes those rulings were erroneous and has sought appellate review. *See* Appeals. It has also renewed its request before this Court because the posture of these actions has materially changed. Coalition's Renewed Mot. to Intervene, Ct. Nos. 26-2759, 26-3809, 26-3645, 26-4642, ECF Nos. 81, 88, 67, 40 (Nov. 24, 2026). Among other things, there is no longer the same emergency schedule or concern regarding participation in proceedings involving sensitive competitor information; the constitutional issues have come to the forefront; the Court has convened a three-judge panel; and the Coalition's members continue to experience economic harm while interim measures are not being enforced as originally imposed.

The intervention issue therefore remains unresolved at the same time the three-judge panel is preparing to consider constitutional challenges that strike at the statutory mechanism the Coalition invoked to protect its members from continued evasion of the trade remedies they obtained.

## LEGAL STANDARD

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). Accordingly, "'[w]hen and how to stay proceedings is within the sound discretion of the trial court.'" *HiSteel Co., Ltd. v. United States*, 653 F. Supp. 3d 1341, 1354 (Ct. Int'l Trade 2023) (quoting *Cherokee Nation of Okla. v. United States*, 124 F.3d 1413, 1416 (Fed. Cir. 1997)).

In exercising that discretion, the Court "must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254–55. The relevant considerations include the interests of the litigants, the Court, and the public, as well as whether a stay would promote judicial economy and conserve the resources of the Court and the parties. *RHI Refractories Liaoning Co. v. United States*, 35 CIT 407, 410–11, 774 F. Supp. 2d 1280, 1284–85 (2011).

A stay is particularly appropriate where another proceeding may materially affect the future course of the litigation before this Court. *See HiSteel*, 653 F. Supp. 3d at 1356–57; *RHI Refractories*, 35 CIT at 411–12, 774 F. Supp. 2d at 1285. In those circumstances, proceeding simultaneously risks unnecessary litigation, duplicative briefing, or an intermediate decision that later becomes "a superfluous moot opinion, or at the very least complicate[s] any appeal." *RHI Refractories*, 35 CIT at 411, 774 F. Supp. 2d at 1285.

Moreover, where a stay does not present "a fair possibility" of damage to another party, the movant need not establish a clear case of hardship or inequity. *Id.* (quoting *An Giang Agric. & Food Imp. Exp. Co. v. United States*, 28 CIT 1671, 1677, 350 F. Supp. 2d 1162, 1167 (2004)). The ultimate question is whether, considering the circumstances as a whole, temporarily suspending the proceedings represents the fairest and most efficient course.

## ARGUMENT

### I. The Coalition's Intervention Appeal May Fundamentally Affect How These Constitutional Claims Should Proceed.

A stay is warranted because the unresolved intervention issue directly affects the proper adjudication of Plaintiffs' constitutional challenges. The three-judge panel is preparing to address whether provisions of EAPA violate the Constitution. The Coalition, meanwhile, seeks the right to participate fully in that adjudication. Separating those two proceedings creates an obvious practical problem: the Court could decide the constitutional issues while the Federal Circuit is still considering whether the Coalition should have been entitled to participate in deciding them.

That result would substantially complicate this litigation. If the Coalition ultimately prevails on intervention only after this Court has decided Plaintiffs' constitutional claims, the Coalition could not simply step into the case at the point at which it should have been admitted. It would instead have to seek remand and then ask this Court to revisit issues already resolved by the three-judge panel. That sequence would impose unnecessary costs on the parties and the judiciary and could require duplicative consideration of consequential constitutional questions.

This Court has not hesitated to stay litigation to prevent exactly this problem. In *RHI Refractories*, the Court concluded that a pending Federal Circuit case served as the "keystone that will dictate the future course of the litigation" and stayed the proceedings because an intervening appellate decision could render issues moot, lead to a remand, or "metamorphose any intermediate

decision of this court into a superfluous moot opinion, or at the very least complicate any appeal..." 35 CIT at 411, 774 F. Supp. 2d at 1285. *HiSteel* applied the same reasoning and stayed proceedings where a forthcoming Federal Circuit decision was likely to affect the disposition of the claim before the Court. 653 F. Supp. 3d at 1356–57 (staying proceedings pending a Federal Circuit appeal that was "likely to affect the analysis and disposition" of the claim before the court).

The same considerations apply with even greater force here. Whether the Coalition is entitled to participate in the adjudication of Plaintiffs' constitutional challenges is not collateral to how those claims will be litigated. It determines which parties may defend EAPA, which arguments and evidence may be presented, and whose interests the Court must consider before it reaches a judgment of potentially sweeping consequence.

Courts have stayed trial-court proceedings pending a denied intervenor's appeal, applying the stay factors set out in *Nken v. Holder*, 556 U.S. 418, 434 (2009).[1] *See, e.g.*, *Yocha Dehe v. Dep't of Interior.*, No. 21-5009, Dkt. No. 1888357 (D.C. Cir. Mar. 4, 2021) (granting proposed intervenor's motion for stay of district-court proceedings pending appeal of the district court's denial of intervention motion); *Flying J, Inc. v. Van Hollen*, No. 09-1883, Dkt. No. 14 (7th Cir. May 4, 2009) (same); *see also Greendige v. Allstate Ins. Co.*, No. 02 Civ.9796, 2003 WL 22871905 (S.D.N.Y. Dec. 3, 2003) (granting proposed intervenor's motion to stay "until the Second Circuit has determined the pending appeal" of the district court's order denying motion to intervene). Indeed, the Seventh Circuit proceed to vacate the district court's denial of intervention in *Flying J*

[1] *Nken* sets the test for whether a federal appellate court should hold a final order or judgment in abeyance while it reviews that order's legality, and the cases above applied it. This Court has recognized that *Nken* does not govern where, as here, the movant does not seek to delay the effect of an order but "merely wish[es] to temporarily suspend 'the conduct or progress of litigation before the court.'" *RHI Refractories*, 35 CIT at 410 n.3, 774 F. Supp. 2d at 1284 n.3 (declining to apply *Nken* to a request to stay proceedings); *see also HiSteel*, 653 F. Supp. 3d at 1354 n.6 (stay-pending-appeal standard "is meant to stay the enforcement of an order or judgment" and is "inapplicable" to a motion to stay proceedings). The Court's inherent authority under *Landis* therefore governs, and the Coalition's request satisfies it for the reasons above.

while the case was stayed, concluding that the intervenor, an organization of motor vehicle fuel retailors, was entitled to intervene as of right in a suit seeking to enjoin Wisconsin's law setting a price floor on motor-vehicle fuel. *Flying J, Inc. v. Van Hollen*, 578 F.3d 569, 570-71, 574 (7th Cir. 2009). The Court should likewise stay these proceedings so that the Coalition's right to participate is resolved before the panel decides EAPA's constitutionality.

Proceeding now therefore risks creating exactly the sort of inefficient litigation sequence that a stay is designed to avoid.

## II. The Three-Judge Panel's Consideration Of EAPA Makes A Stay Particularly Appropriate.

The extraordinary nature of the proceedings independently weighs strongly in favor of preserving the Coalition's opportunity to participate before the constitutional issues are resolved. Congress made single-judge adjudication the ordinary rule in this Court and reserved three-judge panels for exceptional cases involving constitutional questions or issues with broad or significant implications for the administration of the customs laws. 28 U.S.C. §§ 254, 255; *see Sony Elecs. Inc. v. United States*, 25 CIT 336, 143 F. Supp. 2d 970, 973–75 (2001) (explaining that three-judge panels are reserved for actions that raise "an issue of the constitutionality of an Act of Congress."). The Court's convening of such a panel therefore confirms that these cases present issues warranting "broader judicial representation" and "more extensive collegial consideration." *National Corn Growers*, 10 CIT at 520, 643 F. Supp. at 630.

A three-judge decision also carries significance extending beyond the immediate parties. As this Court has explained, three-judge adjudication fosters an "institutional consensus" and promotes uniformity and consistency in international trade law. *Id.* at 521–22, 643 F. Supp. at 630–31. Because judicial decisions have precedential value, a consolidated three-judge decision is also "likely to be more acceptable and persuasive to individual judges of this Court as well as to judges

of the Court of Appeals for the Federal Circuit who may be faced with a similar issue." *Fundicao Tupy*, 11 CIT at 27, 652 F. Supp. at 1542.

That makes the timing problem here particularly consequential. The Coalition is not seeking to delay routine case-management proceedings while litigating a peripheral dispute. It seeks a temporary pause before a specially convened panel decides whether an Act of Congress designed to address evasion of trade remedies can constitutionally operate as Congress intended.

If the Court strikes down the challenged provisions while the Coalition remains excluded, the Coalition cannot meaningfully recreate the opportunity it lost. A subsequent ruling that the Coalition should have been permitted to intervene would not erase the panel's decision or give the Coalition the process it was denied. Instead, the Coalition would have to prevail on appeal, secure remand, and convince the panel to reconsider constitutional questions on which it had already reached an institutional judgment.

A limited stay avoids that unnecessary and potentially prejudicial result. It allows the intervention question to be resolved before the Court enters what may become an important precedential decision concerning EAPA's constitutionality.

### III. Absent A Stay, The Coalition Will Continue To Suffer Concrete Harm That Cannot Be Remedied Through Its Intervention Appeal Alone.

The Coalition also has an immediate substantive interest in preserving EAPA while its right to participate is adjudicated.

EAPA was created by Congress to provide domestic interested parties with a statutory mechanism for confronting the evasion of AD/CVD orders. The Coalition did exactly what the statute contemplates. It first obtained AD/CVD orders after Commerce and the Commission determined that unfairly traded imports materially injured the domestic LSPTV industry. It then investigated suspected evasion at substantial expense and submitted allegations to CBP. Those

allegations resulted in EAPA investigations and interim measures intended to preserve the effectiveness of the underlying trade relief while CBP completed its review.

The Coalition's members continue to bear the economic consequences when those protections do not operate as intended. Imports enter and compete with domestic products while the Coalition's members lose sales and revenue and face pressure on employment. These injuries are not merely litigation expenses or inconvenience from delay. They are the same type of competitive injuries that led the Coalition to seek trade relief and invoke EAPA in the first instance.

And the threatened harm extends beyond the present investigations. Plaintiffs challenge core provisions of EAPA itself. If those provisions are declared unconstitutional, the Coalition may lose the statutory mechanism Congress provided to protect the trade remedies its members obtained.

Consequently, there is a fundamental asymmetry in allowing the constitutional proceedings to move forward while the Coalition's intervention rights remain unresolved. Plaintiffs will have the opportunity to seek invalidation of EAPA, and the Government will defend the statute, but the domestic industry that invoked the statute and is directly affected by its continued operation will remain unable to participate fully.

A later successful intervention appeal cannot adequately cure that prejudice after the constitutional issues have already been decided. The far more orderly course is to preserve the present posture long enough to determine who is entitled to participate before those issues are adjudicated.

## IV. A STAY WILL PROMOTE JUDICIAL ECONOMY AND WILL NOT UNDULY PREJUDICE THE EXISTING PARTIES.

Finally, the balance of interests favors a stay. A stay will conserve judicial and party resources by eliminating the possibility that the Court and the litigants will brief, argue, and decide the constitutional claims only to have the proceedings reopened following disposition of the Coalition's intervention appeal. *See RHI Refractories*, 35 CIT at 411–12, 774 F. Supp. 2d at 1285. It will also ensure that any ultimate decision concerning EAPA is made once, on a complete adversarial presentation, rather than through serial litigation concerning who should have been permitted to participate.

Nor would a limited stay unfairly prejudice Plaintiffs. The posture that created the need for extraordinary expedition at the beginning of these cases has materially changed. The emergency requests for preliminary relief have been resolved or withdrawn, and the Court is now addressing the merits on a coordinated schedule. The principal concern at this stage therefore is no longer whether the Court can act quickly enough to resolve an imminent request for emergency relief, but whether consequential constitutional questions should be resolved before the composition of the parties entitled to litigate those questions has been finally determined.

Any delay occasioned by a stay must also be weighed against the substantial inefficiency and potential prejudice that would follow from proceeding now. As *HiSteel* recognizes, delay in final resolution alone does not necessarily outweigh the considerations of judicial economy and conservation of party resources supporting a stay. 653 F. Supp. 3d at 1357–58 (explaining that delay "without another particular harm" is "insufficient to overcome weightier considerations of judicial economy and resources of the parties").

Finally, the public interest favors orderly and uniform adjudication of important questions concerning the Nation's trade laws. *See PPG Indus., Inc. v. United States*, 11 CIT 5, 10 (1987)

(explaining that the public interest "is best served by ensuring that the ITA complies with the law, and interprets and applies our international trade statutes uniformly and fairly"). The same is true when courts decide whether to stay a case. As *RHI Refractories* explains, proceeding without awaiting relevant appellate guidance risks "disparate judicial opinions" that "cloud the legal marketplace and undermine Congress's vision of the Court as the body that provides uniform review of the nation's international trade laws." 35 CIT at 412, 774 F. Supp. 2d at 1285. That concern is particularly significant here, where Congress has provided for a three-judge panel precisely so that exceptionally important international-trade questions receive broader institutional consideration.

The Court should therefore preserve the status quo until the Coalition's right to participate fully in that exceptional proceeding has been determined.

## CONCLUSION

For the foregoing reasons, the Coalition respectfully requests that the Court stay further proceedings concerning Plaintiffs' constitutional challenges to EAPA until the Court rules on the Coalition's renewed motion to intervene fully and, if that motion is denied, until the Federal Circuit resolves the Coalition's appeal concerning its right to intervene, and grant such other relief as the Court deems appropriate.

Respectfully submitted,

*/s/ Derick G. Holt*
Robert E. DeFrancesco, III, Esq.
Derick G. Holt, Esq.
Theodore P. Brackemyre, Esq.
Rebecca J. Fiebig, Esq.
Joel S. Nolette, Esq.
Kahlil H. Epps, Esq.
**WILEY REIN LLP**
2050 M Street NW
Washington, DC 20036
(202) 719-7000
wileytrade@wiley.law

*Counsel to the American Personal Transportation Vehicle Manufacturers Coalition*

Dated: November 24, 2026

**Ct. Nos. 26-02759-3JP, 26-03809-3JP,
26-03645-3JP, 26-04642-3JP**

**UNITED STATES COURT OF INTERNATIONAL TRADE**

| | |
|---|---|
| ICON EV LLC,<br><br>*Plaintiff,*<br><br>v.<br><br>UNITED STATES, *et al.*,<br><br>*Defendants,*<br><br>AMERICAN PERSONAL TRANSPORTATION VEHICLE MANUFACTURERS COALITION,<br><br>*Defendant-Intervenor.* | Before: Jane A. Restani, Timothy C. Stanceu, and Leo M. Gordon, Judges<br><br>Court No. 26-02759-3JP |
| VEXAS CORP., *et al.*,<br><br>*Plaintiffs,*<br><br>v.<br><br>UNITED STATES, *et al.*,<br><br>*Defendants,*<br><br>AMERICAN PERSONAL TRANSPORTATION VEHICLE MANUFACTURERS COALITION,<br><br>*Defendant-Intervenor.* | Before: Jane A. Restani, Timothy C. Stanceu, and Leo M. Gordon, Judges<br><br>Consol. Court No. 26-03809-3JP |
| STAR EV CORP.,<br><br>*Plaintiff,*<br><br>v.<br><br>UNITED STATES, *et al.*,<br><br>*Defendants,*<br><br>AMERICAN PERSONAL TRANSPORTATION VEHICLE MANUFACTURERS COALITION, | Before: Jane A. Restani, Timothy C. Stanceu, and Leo M. Gordon, Judges<br><br>Court No. 26-03645-3JP |

**Ct. Nos. 26-02759-3JP, 26-03809-3JP,
26-03645-3JP, 26-04642-3JP**

*Defendant-Intervenor.*

NIVEL PARTS AND MANUFACTURING CO., LLC,

*Plaintiff,*

v.

UNITED STATES, et al.,

*Defendants,*

AMERICAN PERSONAL TRANSPORTATION VEHICLE MANUFACTURERS COALITION,

*Defendant-Intervenor.*

Before: Jane A. Restani, Timothy C. Stanceu, and Leo M. Gordon, Judges

Court No. 26-04642-3JP

**ORDER**

Upon consideration of the motion to stay of the American Personal Transportation Vehicle Manufacturers Coalition ("Coalition") as defendant-intervenor in the above-captioned action, and all other papers and proceedings herein, it is hereby

**ORDERED** that the Coalition's motion to stay is granted; and it is further

**ORDERED** that further proceedings on Plaintiffs' constitutional challenges to the Enforce and Protect Act, 19 U.S.C. § 1517, are stayed in the above-captioned action until the Court rules on the Coalition's renewed motion to intervene and, if that motion is denied, until the U.S. Court of Appeals for the Federal Circuit resolves the Coalition's appeal concerning its right to intervene.

______________________________
[__________], Judge

Dated: ________________, 2026
New York, New York